UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:07-cr-345-T-23TBM
 8:17-cv-1281-T-23TBM
DONIELLE LAVONTE HAWKINS
_____/

# **O R D E R**

Under the terms of his plea agreement, Hawkins was convicted of one count of conspiracy to possess with the intent to distribute five grams or more of cocaine base, for which he is imprisoned for 188 months. Hawkins moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his sentence. Hawkins's motion is untimely.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Hawkins's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Hawkins's judgment was entered and became final in 2008. As a consequence, Hawkins's one-year limitation expired in 2009. Hawkins's motion to vacate is dated May 22, 2017, which is nearly eight years late.

In addition to a limitation from the date the conviction becomes final, Section 2255(f) establishing a one-year limitation from three more dates:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**<u>New Limitation Under Section 2255(f)(3):</u>**

Hawkins asserts entitlement to a limitation under Section 2255(f)(3), which calculates a one-year limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Hawkins contends that *Mathis v. United States*, 136 S. Ct. 2243 (2016), affords him a new limitation under Section 2254(f)(3).

Hawkins pleaded guilty to conspiracy to possess with the intent to distribute five grams or more of cocaine base. Because he has two prior qualifying drug convictions, Hawkins qualifies as an armed career offender under Section 4B1.4, United States Sentencing Guidelines. Hawkins scored an Offense Level 23 (after a three-level reduction for acceptance of responsibility). Hawkins's prior convictions earned him eight points, which placed him in Criminal History Category IV. However, Hawkins's two prior drug convictions qualify him as a criminal offender under Section 4B1.1, which enhanced him to Criminal History Category VI. The

pertinent prior convictions are (1) the sale or delivery of cocaine in Manatee County, Florida, which offense occurred in 2005, and (2) the possession of cocaine with the intent to sell or deliver in Manatee County, Florida, which offense occurred in 2006. (Presentence Investigation Report at 10–11) Based on this computation of a Criminal Offense Level 23 and a Criminal History Category VI, Hawkins faced a mandatory minimum sentence of imprisonment for 60 months, an advisory guideline maximum of 235 months, and a statutory maximum of 480 months (40 years). Hawkins's sentence of 188 months is the low end of the advisory guideline range.

Hawkins contends (1) that his sentence is unlawful under *Descamps v. United States*, 133 S. Ct. 2276, 2282 (2013), which holds that, in determining whether a prior conviction qualifies to support an enhanced sentence under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements" and (2) that his sentence is unlawful under *Mathis*, which governs an offense's qualification as a "violent felony" under the ACCA. Hawkins serves a career offender sentence imposed under the advisory sentencing guidelines. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), explains that a sentence under "the advisory Sentencing Guidelines [is] not subject to" the same constitutional challenges as a sentence under the ACCA. As a consequence, *Descamps* and *Mathis* are inapplicable.

Under the terms of the plea agreement, Hawkins waived the right to challenge the computation of his sentence. Even if he had not waived this right and even if *Mathis* was applicable, Hawkins would not gain a new limitation under Section 2254(f)(3) to challenge the computation of his sentence because "*Mathis* did not announce a 'new rule of constitutional law.'" *In re Orestes Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017).

**New Limitation Under Sections 2255(f)(2) and (4):**

Hawkins argues that *Mathis* reversed the controlling precedent within the Eleventh Circuit. He asserts entitlement to a limitation (1) under Section 2255(f)(2) because the controlling precedent was an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States" and (2) under Section 2255(f)(4) because the controlling precedent is a new fact "supporting the claim or claims presented [that] could [not] have been discovered through the exercise of due diligence." (Doc. 2 at 4–5) First, controlling precedent is not an "impediment" that is "in violation of the Constitution or laws," as required under Section 2255(f)(2), even though the precedent is subsequently overturned. *Cf. Smith v. Jones*, 256 F.3d 1135, 1145–46 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002) (observing that "[i]t might be difficult to fit within th[e] definition [for cause to overcome a procedural default] a subsequently overruled circuit decision that did not actually 'impede' the effort to comply with any state court rule, but instead removed an incentive for compliance by indicating (erroneously) that a particular action was

not necessary for federal habeas review purposes," and holding that reliance on circuit precedent is neither cause to excuse a procedural default nor cause for failing to comply with the subsequently determined need to seek discretionary review to fully exhaust available state court remedies). Second, the overturning of controlling precedent is not a new fact, as required under Section 2255(f)(4), that supports the underlying claim. *Bazemore v. United States*, 595 Fed. App'x 869, 873 (11th Cir. 2014) ("*Stewart [v. United States*, 646 F.3d 856 (11th Cir. 2011)] is not a new fact for the purposes of timeliness under § 2255(f)(4). The plain language of the statute refers to 'facts,' and the *Stewart* decision is a legal opinion, not a new fact."); *Madaio v. United States*, 397 Fed. App'x 568, 570 (11th Cir. 2010) ("Section 2255(f)(4) is predicated on the date that "facts supporting the claim" could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."). As a consequence, Hawkins is entitled to a limitation under neither Section 2255(f)(2) nor Section 2255(f)(4).

**Failure to Appeal:**

Lastly, in his supporting memorandum Hawkins discusses the law regarding an attorney's failure to appeal, but Hawkins neither alleges that he directed counsel to appeal nor asserts that counsel failed to consult him about appealing. (Doc. 2 at 6) Under the terms of the plea agreement, Hawkins "expressly waives the right to appeal defendant's sentence or to challenge it collaterally, including the filing of a 28 U.S.C. § 2255 petition, on any ground, including the ground that the Court erred

in determining the applicable guidelines range" except under certain inapplicable exceptions. (Doc. 21 at 12 in 07-cr-345) Hawkins waived the present challenge to the calculation of his sentence. "When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel." *Thompson v. United States*, 353 Fed. App'x 234, 235 (11th Cir. 2009) (*per curiam*).

The circumstances of Hawkins's plea are factually indistinguishable from *Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007). Otero's plea agreement contained an appeal waiver identical to Hawkins's.[2] *Otero*, 499 F.3d at 1269, "conclude[d] that Otero's trial lawyer had no constitutional duty to consult Otero about an appeal and thus did not render constitutionally ineffective assistance by failing to do so." This conclusion was because "under the circumstances of this case, [there was] no constitutional duty to consult in the first place." *Otero*, 499 F.3d at 1269 n.1. The plea agreement and the appeal waiver weigh heavily in the government's favor, as *Otero*, 499 F.3d at 1271, explains:

> In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal. See *Flores-Ortega, id.* at 480, 120 S. Ct. at 1036. All those factors weigh heavily in favor of the government in this case. The plea agreement signed by Otero contained a typical appeal-waiver provision, pursuant to

---

[2] Both Otero's and Hawkins's prosecutions originated in the Tampa Division of the Middle District of Florida.

> which Otero "expressly waived the right to appeal his sentence, directly or collaterally, on any ground." This broad waiver contained four exceptions. Those exceptions allowed Otero to appeal (1) "an upward departure by the sentencing judge," (2) "a sentence above the statutory maximum," (3) "a sentence in violation of the law apart from sentencing guidelines," or (4) any sentence if the Government appealed. Otero does not argue that any of these exceptions apply in this case. Therefore, on account of the plea agreement's broad appeal waiver, any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken.

Considering the similarity with *Otero*, Hawkins's claim fails "[b]ecause no rational defendant in [his] position would have sought to appeal in light of the broad appeal waiver, and because [he] did not communicate to his lawyer a desire to appeal, [his] lawyer was not under a constitutional obligation to consult [him] about an appeal." *Otero*, 499 F.3d at 1271. *See also Devine v. United States*, 520 F.3d 1286, 1288–89 (11th Cir. 2008) (affirming the district court's determination that "no rational defendant would want to appeal" because the sentence "was at the bottom of the guidelines" and the defendant's plea agreement included the standard appeal waiver); *Cuero v. United States*, 269 Fed. App'x 893, 895 (11th Cir. 2008) ("[E]ven if counsel insufficiently consulted with Cuero, it did not amount to ineffective assistance of counsel" because "trial counsel did not have a constitutional duty to consult with Cuero about an appeal."). As stated earlier, Hawkins 188-month sentence is the low end of the advisory guideline range. Absent the benefits of the plea agreement, including the standard appeal waiver, Hawkins faced a guideline maximum of 235 months and a statutory maximum of 480 months (40 years).

**Concluson:**

Hawkins's motion to vacate is untimely under each one-year limitation under Section 2255(f), and the cases on which he relies are inapplicable to his sentence under the advisory sentencing guidelines.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Hawkins, close this case, and enter a copy of this order in the criminal action.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Hawkins is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Hawkins must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Hawkins is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Hawkins must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 30, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE